IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY LAVERN SPENCER,
     Petitioner,

                               Case No. 3:12cv246/MCR/CJK

R.P. TIFFT, et al.,
     Respondents.
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

     Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent Tifft ("DOC") has filed an amended answer, submitting relevant portions of the state court record. (Doc. 23). Respondent Florida Parole Commission ("FPC") has filed its answer. (Doc. 65). Petitioner has not replied, although invited to do so. (Doc. 66). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

     On March 6, 1992, petitioner was received by the Florida Department of

Corrections ("DOC"), having been sentenced in the Circuit Court for Columbia County, Florida, Case No. 91-562, to twenty-two years imprisonment for Second Degree Murder. (Doc. 23, Ex. 1, pp. 2, 5-12).[1]  On September 30, 2002, petitioner was released from DOC custody to the terms and conditions of conditional release supervision as established by the Florida Parole Commission. (Ex. 1, pp. 15-19). On April 23, 2003, the FPC revoked the grant of conditional release effective January 17, 2003 (hereinafter "First Revocation"). (Ex. 1, pp. 23-24).

On September 1, 2009, petitioner was released on conditional release supervision for a second time, to remain under supervision until November 23, 2013. (Ex. 1, pp. 25-29).  On March 10, 2010, a conditional release probation officer, local law enforcement, and a Department of Children and Families' investigator went to petitioner's home and arrested him on charges of possessing oxycontin, cocaine, drug paraphernalia and a firearm, and of violating his conditional release. (Ex. 2, p. 37; Ex. 5, pp. 336-341; Ex. 7, p. 540).  On March 12, 2010, the FPC issued a Warrant for Retaking Conditional Releasee, ordering that petitioner be retaken and detained pending a revocation hearing. (Ex. 1, pp. 32-33).  The Warrant alleged that petitioner twice violated Condition 4(b) of his supervision and that he twice violated Condition 7 of his supervision.  Condition 4(b) prohibited petitioner from using or possessing narcotics, drugs, or marijuana unless prescribed by a physician. (Ex. 1, p. 26). Condition 7 required petitioner to obey all laws, ordinances and statutory conditions of conditional release. (*Id*.).  The FPC's Warrant alleged that petitioner: (1) violated Condition 4(b) when he used and/or possessed oxycontin, not prescribed by a

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 23, unless otherwise noted.

physician; (2) violated Condition 4(b) when he used and/or possessed cocaine, not prescribed by a physician; (3) violated Condition 7 when he unlawfully owned or had in his care, custody, possession or control a firearm, ammunition, or electric weapon or device, or did carry a concealed weapon, including a tear gas gun or chemical weapon or device, after having been previously convicted of a felony; and (4) violated Condition 7 when he unlawfully used or possessed with intent to use drug paraphernalia (syringes, plastic baggies and a crack pipe with brillo) to prepare, test, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body, a controlled substance. (Ex. 1, pp. 32-33). All of the violations were alleged to have occurred in Columbia County, Florida on or about March 10, 2010. (*Id*.).

On March 17, 2010, petitioner was charged in Columbia County Circuit Court Case No. 10-173, with possession of a firearm by a convicted felon, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia. (Ex. 2, pp. 37-39). On March 22, 2010, petitioner requested that his conditional release violation hearing be postponed until the disposition of the pending criminal charges, and waived the forty-five day time constraint to have a violation hearing. (Ex. 5, p. 343). On April 28, 2011, the charges in Case No. 10-173 were nolle prossed. (Ex. 11, p. 29 (Attachment IV to petitioner's state habeas petition)). The conditional release violation charges remained pending. Pursuant to the FPC's Warrant, Columbia County transported petitioner to the Florida Department of Corrections for detention pending the revocation hearing.

Prior to the revocation hearing, petitioner filed a state habeas petition on September 16, 2011, in the Circuit Court for Santa Rosa County, Florida, challenging the validity of the FPC's warrant, the FPC's refusal to grant petitioner release on his

own recognizance, the DOC's authority to accept custody of petitioner into the state correctional system to await his revocation hearing, and the DOC's authority to take custody of petitioner before issuance of a revocation order. (Ex. 11, pp. 1-41). The petition was assigned Case No. 11-808. On October 4, 2011, the state court denied relief. (Doc. 1, Ex. A; Doc. 23, Ex. 11, pp. 42-44). The Florida First District Court of Appeal ("First DCA") per curiam affirmed, without written opinion, on May 14, 2012. *Spencer v. Pate*, 88 So.3d 156 (Fla. 1st DCA 2012) (Table) (copies at Doc. 1, Ex. B and Doc. 23, Ex. 12, p. 82).[2]

While petitioner's state habeas action was pending, the FPC conducted a conditional release revocation hearing, found petitioner guilty of willfully and substantially violating Conditions 4(b) and 7 of his conditional release by possessing oxycontin not prescribed by a physician, possessing cocaine not prescribed by a physician, possessing drug paraphernalia, and possessing a firearm, and revoked petitioner's conditional release. The revocation order issued on November 30, 2011, effective March 10, 2010 (hereinafter "Second Revocation"). (Doc. 23, Ex. 1, pp. 34-35).

Petitioner filed the instant federal habeas petition on May 28, 2012, while in custody on the Second Revocation. (Doc. 1, p. 1). Petitioner does not challenge the revocation, but instead challenges his pre-revocation-hearing detention pursuant to the FPC's March 12, 2010, Warrant for Retaking Conditional Releasee, and his

---

[2]Petitioner filed several other actions in state court challenging his pre-trial detention on the criminal charges in Columbia County Circuit Court Case No. 10-173, and his pretrial detention on the conditional release violation charges. (*See* Doc 23, pp. 5-10; Doc. 65, pp. 4-5). The undersigned discusses only the Santa Rosa County state habeas action, as petitioner and the respondents identify that state court decision as the one under review in this proceeding. (Doc. 1, p. 1 and Attach.; Doc. 23, pp. 20-21; Doc. 65, pp. 9-13).

subsequent detention at a DOC facility pending the revocation hearing. (Doc. 1, p. 1).[3] Petitioner made this distinction early in this proceeding. When the undersigned construed his petition as challenging the FPC's second revocation of conditional release (*see* doc. 10), petitioner objected and emphasized that his petition did <u>not</u> challenge the November 13, 2011 order revoking his conditional release – it challenged only his pre-revocation-hearing detention. (*See* Docs. 13 and 15; *see also* Doc. 17). Petitioner's petition raises the following three grounds for relief:

> <u>Ground One</u>: "Illegal Imprisonment Where Warrant Is Vitiated By Duplicity In Violation of Due Process."
>
> Petitioner alleges in support of this claim: "Tena Pate is 'Chair' and Cassandra Jenkins is "Commissioner' of Parole Commission. But, the fax denotes Frederick Dunphy as 'Chair' but the Warrant denotes him as 'Commissioner'. The duplicity vitiates the Warrant, and petitioner is illegally detained."
>
> <u>Ground Two</u>: "Imprisonment Violation Due Process Where Arrest Warrant Was Never Executed."
>
> Petitioner alleges in support of this claim: "Law enforcement accused petitioner of possessing contraband and arrested him without a warrant for allegedly committing new felonies. The State dropped charges but petitioner was imprisoned for allegedly violating supervision absent an arrest warrant being executed upon him, which is illegal."
>
> <u>Ground Three</u>: "Imprisonment Absent Order Revoking Supervision

---

[3]When asked on the petition form to identify "the judgment of conviction/sentence under attack", petitioner crossed out the typed words "conviction/sentence" and identified the "judgment" under attack as the Santa Rosa County Circuit Court's October 4, 2011 order in Case No. 11-808, denying his state habeas petition challenging the FPC's March 12, 2010 Warrant. (Doc. 1, p. 1 and Attach. Ex. A). Similarly, petitioner identifies the appeal from the "judgment" under attack as the First DCA's affirmance of the October 4, 2011 order. (Doc. 1, p. 2 and Attach. B).

Violates Due Process Clause."

Petitioner alleges in support of this claim: "Petitioner was returned to prison without sustained violation charges or order revoking conditional release supervision, in which his loss of freedom violates due process."

(Doc. 1, pp. 4-5). Petitioner asserts that he exhausted all of these grounds for relief by raising them in his state habeas proceeding in Santa Rosa County Circuit Court Case No. 11-808. (*Id.*).

Respondent FPC has responded to Grounds One and Two of the petition, asserting that the state court's denial of relief was neither contrary to nor an unreasonable application of Federal law. (Doc. 65, pp. 6-13). Respondent DOC has responded to Ground Three of the petition, asserting that the claim is moot, because petitioner is no longer held by the Warrant but instead detained pursuant to the revocation order, and that the claim is without merit. (Doc. 23, pp. 16-24).

After the DOC filed its response, petitioner was released from DOC custody on March 1, 2013, to conditional release supervision for a third time. (Doc. 64; Doc. 65, p. 3; *see also* www.dc.state.fl.us, Supervised Population Information Detail). After less than two months at relative liberty, petitioner was retaken and returned to DOC custody on April 24, 2013, and is presently confined at Holmes Correctional Institution. (*See* www.dc.state.fl.us, Inmate Population Information Detail; *see also* Doc. 67 (petitioner's May 2, 2013 notice of change of address to DOC facility – Reception and Medical Center).

DISCUSSION

The first question this Court must address is the jurisdictional issue of whether petitioner's claims are moot. "The doctrine of mootness derives directly from the case or controversy limitation [of Article III]." *Soliman v. United States ex rel. INS,*

296 F.3d 1237, 1242 (11th Cir. 2002). "'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) (*quoting Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478, 110 S. Ct. 1249, 1254, 108 L. Ed. 2d 400 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7, 118 S. Ct. at 983 (*quoting Lewis* at 477, 110 S. Ct., at 1253). "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7, 118 S. Ct. at 983. "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Id*.

Here, although petitioner's sentence has not expired, petitioner is not attacking his conviction, sentence, or second conditional release revocation. Petitioner challenges only his pre-revocation-hearing detention as violative of due process, and seeks the following specific relief: "reverse state courts' order denying habeas relief and instruct that petitioner be discharged." (Doc. 1, p. 6). At the time the petition was filed, however, petitioner was no longer subject to any direct restraint as a result of the FPC's March 2010 Warrant. Petitioner was detained exclusively pursuant to

the order revoking his conditional release. The detention that resulted from execution of the Warrant and petitioner's transfer to a state correctional facility pending the revocation hearing is now over, and cannot be undone. Subsistence of this habeas action therefore requires that petitioner prove continuing "collateral consequences" of the 2010 Warrant. Petitioner has not identified any concrete injury or collateral consequence of the 2010 Warrant or his transfer to DOC custody pending the 2011 revocation hearing. This Court can no longer give petitioner meaningful relief as to his claims. *See, e.g., Velasco v. Horgan*, 85 F.3d 520 (11th Cir. 1996) (dismissing as moot federal habeas petitioner's claim that U.S. Marshals Service violated his constitutional rights by refusing to release him after he posted required bail, where petitioner was removed to another jurisdiction during pendency of habeas appeal); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) ("Because [petitioner] is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990 (S.D. Ohio 2009) (dismissing as moot federal habeas petitioner's ineffective assistance claim alleging that trial counsel was ineffective for failing to object to errors in a presentencing investigation report during petitioner's sentencing hearing; petitioner's original sentence was reversed by the state court, and petitioner had new counsel for his new sentencing hearing); *see also, e.g., Williams v. Slater*, 317 F. App'x 723 (10th Cir. 2008) (dismissing as moot

pretrial detainee's habeas corpus petition filed under 28 U.S.C. § 2241 challenging pretrial confinement on grounds that he was arrested without warrant or probable cause and other claims; petitioner's conviction and sentence rendered moot his request for an order to show cause for his pretrial confinement); *Ridley v. Sellers*, No. 1:07cv114, 2008 WL 4280166 (M.D. Ga. Sept. 15, 2008) (dismissing as moot habeas claims challenging prior probation order; although petitioner was "in custody" in regard to the revocation at the time the petition was filed, he was released from custody during the pendency of the habeas proceeding and failed to demonstrate some collateral consequence of the revocation).

Moreover, petitioner's claims challenging the 2010 Warrant (on grounds that the Warrant did not accurately reflect the title of the person who signed it and was not properly executed) do not fall within the exception for cases "capable of repetition, yet evading review". To invoke the exception, petitioner must show that "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Soliman*, 296 F.3d at 1242-43. Petitioner seeks specific injunctive relief in the form of an order reversing the denial of his state habeas petition and discharging him from the pre-revocation-hearing detention that resulted from execution of the 2010 Warrant. There is no "reasonable expectation" or "demonstrated probability" that the same controversy involving the 2010 Warrant (in this case, a mere clerical error) will recur involving petitioner. Petitioner fails to satisfy the first prong of the exception, and therefore fails to qualify for the mootness exception. *Murphy v. Hunt*, 455 U.S. 478, 481-84, 102 S. Ct. 1181, 1183-84, 71 L. Ed. 2d 353 (1982) (holding that

following defendant's conviction, his constitutional claim raised in civil rights action seeking injunctive relief in the form of the right to pretrial bail was moot; the case was not within the "capable of repetition, yet evading review" exception to the mootness doctrine despite the possibility that defendant's convictions might be overturned and that he might again seek pretrial bail, where there was no reason to expect that all three of his convictions would be overturned on appeal); *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118 (11th Cir. 2006) (dismissing as moot habeas petitioner's claim objecting to his pre-trial transfer from Georgia to Florida for psychiatric evaluation, where petitioner had already been transferred back to Georgia for trial and sentencing on federal charges and petitioner had received credit on his final sentence for time spent in evaluation; petitioner failed to qualify for mootness exception because, although criminal case was on direct appeal, there was neither a reasonable expectation nor a demonstrated probability that the case would be overturned and the trial court would order another psychological evaluation to determine petitioner's competence to stand trial a second time).

Petitioner's third claim does not challenge the 2010 Warrant, but rather petitioner's detention in a state correctional facility pending his revocation hearing. Petitioner claims his due process rights were violated when he was transferred to DOC custody within a state correctional facility pending his revocation hearing. A conditional releasee's detention solely on the authority of a conditional releasee violator warrant is by nature temporary and is not likely to persist long enough to allow for the completion of appellate review before the FPC either releases the conditional releasee or takes further action providing superceding authority for the detention. *See* Fla. Stat. § 947.141(3) (requiring a revocation hearing within forty-

five days after notice to the FPC of the arrest of the releasee charged with a violation of the terms and conditions of conditional release, absent the releasee's wavier of the time constraint or request for postponement of the hearing). Petitioner's challenge to his detention at a DOC facility pending a revocation hearing is capable of repetition and, apparently, has been repeated. During the pendency of this action, petitioner was subject to another round of conditional release, was retaken into custody, and is being detained at a state correctional facility. *See, e.g., Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 227 (3rd Cir. 2011) (removable alien's habeas petition challenging his 1,072 day pre-removal detention as unreasonable in violation of due process was not moot; although petitioner had been released, his appeal fell within the mootness exception because it was reasonable for petitioner to fear that he might once again be the subject of lengthy removal proceedings and pre-removal detention at any time); *Sherman v. United States Parole Comm'n*, 502 F.3d 869, 872 (9th Cir. 2007) (applying mootness exception to federal parolee's habeas claim challenging United States Parole Commission's policy of issuing parole violator warrants based on unsworn allegations; holding that "a parolee's initial detention solely on the authority of a parole violator warrant is by nature temporary and is not likely to persist long enough to allow for the completion of appellate review", and that the case was capable of repetition because the parole commission had not retreated from its policy of issuing warrants based on unsworn allegations and the petitioner was scheduled for presumptive re-parole with over eight years remaining on his sentence – "[d]uring that period of release, his liberty will continue to be conditioned on the Commission's ability to issue a parole violator warrant and retake him based on unsworn allegations.") (internal quotations marks omitted).

Even if this Court were to conclude that petitioner's third claim satisfied the mootness exception, federal habeas relief still would not be warranted. Petitioner claims in Ground Three that his due process rights were violated when he was transferred to DOC custody and detained in a state correctional facility pending a revocation hearing. The state court denied relief as follows:

> Petitioner argues he should be released on recognizance bond because he may not be held in prison while serving conditional release. This claim is without merit as an offender may be held in custody pending the revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 487, 92 S. Ct. 2593, 2603 (1972) (finding probable cause warrants continued detention and return to the state correctional institution pending the final decision); § 947.141(2) Fla. Stat. (2010). *See also* Op. Att'y Gen. Fla. 76-117 (1976) (noting a parolee or conditional releasee is a state prisoner subject to state custody upon a violation of the conditions of release, and incarceration between a finding of probable cause and the final hearing should be borne by the state rather than county authorities).

(Doc. 23, Ex. 11, pp. 43-44 (ECF pp. 47–48)). The First DCA summarily affirmed.

To the extent petitioner argues that his pre-revocation-hearing detention within a state correctional facility violated state statutes and decisional law, he is not entitled to relief because federal habeas relief is not available for violations of state law. Under the AEDPA, the issue is only whether the state courts' rejection of petitioner's due process claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d). In *Morrissey v. Brewer, supra*, the Supreme Court held that a finding by a preliminary hearing officer that there is probable cause to believe a parolee has violated the conditions of parole "would be sufficient to warrant the parolee's continued detention and return to the state correctional

institution pending the final decision." 408 U.S. at 487, 92 S. Ct. at 2603. Petitioner does not challenge the existence of probable cause to detain him pending the revocation hearing on the 2010 violations, only the location of his detention. No decision of the Supreme Court, including *Morrissey*, suggests that detaining petitioner at a state correctional facility pending his conditional release revocation hearing violates due process. The state courts' rejection of petitioner's due process claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor was the decision based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall mail a copy of this Report and Recommendation to petitioner at his address of record as well as Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425-0190.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be DENIED with prejudice, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 3rd day of June, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).